| | |
|---|---|
| SHAMEL RAYVON ALLEN BROWN, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) ORDER <br> v. ) <br> ) <br> BRANDON BATES and JOHNNY ) <br> SESSOMS, ) <br> ) <br> Defendants.[1] ) | |

This matter is before the court on defendants' motion for summary judgment (DE 49) pursuant to Federal Rule of Civil Procedure 56. Plaintiff responded in opposition and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants the motion.

## STATEMENT OF THE CASE

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on July 15, 2019, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution, and that they violated his Fourth Amendment rights during a search of his person. Defendants are Brandon Bates ("Bates") and Johnny Sessoms ("Sessoms"), correctional officers at the Maury Correctional Institution ("Maury C.I."). As relief, plaintiff

---

[1] The court dismissed formerly named defendant C/O Carmellengs by separate order entered October 13, 2020.

seeks compensatory and punitive damages.

Following a period of discovery, and in accordance with the court's case management order, defendants filed the instant motion for summary judgment on July 30, 2021. In support of the motion, defendants rely upon a memorandum of law, statement of material facts, and appendix of exhibits comprising the following: 1) defendants' personal affidavits; 2) North Carolina Department of Public Safety ("DPS") policies addressing use of force, searches, and disciplinary infractions; 3) Maury C.I. policies addressing use of force and disciplinary infractions; 4) plaintiff's offender report; 5) incident report dated January 27, 2018; 6) plaintiff's infraction report; 7) second incident report dated January 27, 2018; and 8) plaintiff's disciplinary file for January 27, 2018, incident.

The court provided plaintiff notice of the motion pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), which explained the deadline for responding, warned plaintiff of the consequences of failing to respond, and provided instructions regarding the evidence necessary to respond to the motion. Plaintiff responded in opposition, but did not file opposing statement of material facts or other verified evidence in support of his claims.

**COURT'S DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986) (internal quotation omitted).

Only disputes between the parties over facts that might affect the outcome of the case properly preclude entry of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party). "[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor." Id. at 255; see United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the [factfinder] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted). Thus, judgment as a matter of law is warranted where "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture." Myrick v. Prime Ins. Syndicate, Inc.,

395 F.3d 485, 489 (4th Cir. 2005). By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a [triable] issue is created," and judgment as a matter of law should be denied. Id. at 489-90.

B. Analysis

   1. Rule 56(d)

Plaintiff's response suggests that additional discovery is necessary before he can respond to the motion for summary judgment. (See DE 54 at 3). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014) (quotations omitted). If the party requesting discovery is pro se, the United States Court of Appeals for the Fourth Circuit has "not insisted on an affidavit in technical accordance with Rule 56(d)" so long as the party adequately informs the district court of the need for discovery. See Goodman v. Diggs, 986 F.3d 493, 500 (4th Cir. 2021).

Relief under Rule 56(d) is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." McCray v. Maryland Dep't of Transp., Maryland Transit Admin., 741 F.3d 480, 484 (4th Cir. 2014) (quotations omitted). However, "a court need not allow discovery unless [the nonmovant] identifies material, disputed facts." McClure v. Ports, 914 F.3d 866, 875 (4th Cir. 2019); Hodgin v. UTC Fire & Sec. Americas Corp., 885 F.3d 243, 250 (4th Cir. 2018).

Here, plaintiff had ample opportunity to conduct discovery. The court appointed counsel

for plaintiff to assist in discovery, and the parties were afforded approximately six months to complete discovery. (DE 36, 38, 43). Plaintiff fails to explain why this time period was insufficient to obtain the discovery identified in his response. See Pisano, 743 F.3d at 931 (explaining Rule 56(d) relief is reserved for parties who have not been provided adequate "opportunity" for discovery). Accordingly, plaintiff's implicit request for further discovery is denied.

2. Merits

Defendants have satisfied their burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. As noted, plaintiff alleges defendants used excessive force against him, and that they violated his Fourth Amendment rights during a search of his person. (Compl. (DE 1) ¶ 5). Defendants contend the record contains no competent evidence supporting these assertions. (Defs' Mem. (DE 50) at 8–12). Furthermore, the complaint is not verified and, therefore, it cannot be considered an opposing affidavit for purposes of resolving defendants' motion for summary judgment. (See DE 1); Goodman v. Diggs, 986 F.3d 493, 498 (4th Cir. 2021).

Where defendants have satisfied their burden of showing the absence of a genuine issue of material fact, the burden shifts to plaintiff to "come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. Because plaintiff has not offered affidavits, declarations, or other competent summary judgment evidence in support of his allegations and his complaint is not verified, he has failed to meet this burden. See Celotex, 477 U.S. at 324; Goodman, 986 F.3d at 498. Accordingly, defendants are entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Brooks v. Johnson, 924 F.3d 104, 111 (4th Cir. 2011).

## CONCLUSION

Based on the foregoing, defendants' motion for summary judgment (DE 49) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2022.

                                    _____
                                    LOUISE W. FLANAGAN
                                    United States District Judge